DAVIS WRIGHT TREMAINE LLP
James H. Moon (SBN 268215)
jamesmoon@dwt.com
Sancho Accorsi (SBN 329413)
sanchoaccorsi@dwt.com
Jennifer Yu (SBN 341606)
jenniferyu@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Timex.com, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TREVOR LUTGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMEX.COM, INC.,<br><br>Defendant. | Case No. 3:26-cv-00960-EMC<br><br>**DEFENDANT TIMEX.COM, INC.'S SUPPLEMENTAL BRIEF REGARDING ARTICLE III STANDING IN SUPPORT OF MOTION TO TRANSFER OR DISMISS COMPLAINT**<br><br>Assigned to the Hon. Edward M. Chen<br>Courtroom: 5<br><br>Action Filed: January 30, 2026 |

In response to the Court's Order regarding whether there is Article III standing in this case, ECF No. 37, Defendant Timex.com, Inc. respectfully submits that there is not.

This Court has subject matter jurisdiction only over claims for which plaintiffs establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Standing requires "an injury in fact" "traceable to the challenged conduct" and "likely to be redressed" by the suit. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Injury in fact must be *concrete*—it "must actually exist." *Popa v. Microsoft Corp.*, 153 F.4th 784, 788 (9th Cir. 2025) (citation omitted). Plaintiff here alleges he suffered "a violation of [his] privacy," Compl. ¶ 7, but this purported injury is not concrete.

An intangible injury like a privacy injury is concrete only if it is "benchmarked" to the "key elements" of "a specific tort" "actionable at common law." *Popa*, 153 F.4th at 791–92. An "actionable" common law privacy injury requires "an intentional interference with [a plaintiff's] interest in solitude or seclusion … *of a kind that would be highly offensive to a reasonable man*." *Popa*, 153 F.4th at 791 (citation omitted). Not every disturbance constitutes a "highly offensive" intrusion; a privacy tort only lies against an "egregious breach of the social norms." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (citation omitted). "[T]his bar is set high because '[n]o community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy.'" *Ortiz v. Foris Dax, Inc.*, 2026 WL 1430720, at *3 (N.D. Cal. May 21, 2026) (Chen, J.) (quoting *Hill v. NCAA*, 7 Cal. 4th 1, 37 (1994)) (no standing even where plaintiff alleged cookie banner malfunctioned).[1]

The alleged privacy injury here is not highly offensive because (A) the information at issue is not sensitive, (B) the scope of the alleged tracking is limited to a single website, and (C) the cookie banner's alleged malfunction does not change the analysis.

[1] Before *Popa*, some courts understood *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), as endorsing standing based on generalized privacy injuries. But *Popa* clarified that this broad read of these cases "finds no support in *TransUnion*." 153 F.4th at 794 (expressly limiting *In re Facebook* and *Eichenberger*).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### A. The Information Is Not Sensitive.

The most important factor in determining whether an intrusion into privacy is "highly offensive" is whether "the content of the recordings" were sensitive. *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 830–31 (N.D. Cal. 2020) (citation omitted); *see Ortiz*, 2026 WL 1430720, at *4 (dismissing where information allegedly collected was not sensitive enough). Indeed, the Ninth Circuit in *Popa* held the online wiretapping alleged there did not inflict a concrete privacy injury precisely because the plaintiff identified "no embarrassing, invasive, or otherwise private information" obtained while she browsed a pet supply website. 153 F.4th at 787, 791. Tracking routine, commercial web browsing—like Plaintiff alleges here—is not "remotely similar" to being "highly offensive." *Id.* at 791; *see Thomas v. Papa John's Int'l, Inc.*, 2025 WL 1704437, at *1 (9th Cir. June 18, 2025) (same). "[A] concrete injury arises only where the alleged harm involves personal information—and specifically, information whose disclosure would be considered 'highly offensive to a reasonable person.'" *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1180 (N.D. Cal. 2025) (citation omitted) (dismissing CIPA claim). This was the primary basis for the court's conclusion in *Torres v. Seatgeek, Inc.*: the browsing data there "d[id] not suggest interception of embarrassing or sensitive data or a highly offensive disclosure and thus [was] not harm that establishe[d] Article III standing." 2026 WL 1495202, at *3 (N.D. Cal. May 28, 2026); *see Garcia v. Blackhawk Network, Inc.*, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026) (same despite allegation cookies operated after users rejected them).

Same here. Plaintiff alleges only that Klaviyo associated his "purchase information" and "email address" with an "anonymized" user profile. Compl. ¶¶ 73, 75. But he does not allege Timex disclosed any of his actual financial information, and information about the watch Plaintiff purchased is routine commercial web browsing data that is not "remotely similar" to the type of sensitive information actionable at common law.[2] *Popa*, 153 F.4th at 791. Plaintiff's

[2] While the plaintiff in *Torres* alleged only "interaction data" and did not allege that he "purchase[d] a product or service," 2026 WL 1495202, at *3, this distinction is immaterial. First, Plaintiff also alleges only interaction, or record, information. *See* Mot. at 13–14. But also, the fact that Plaintiff purchased a watch is still the same type of information available "to a store clerk[] observing shoppers" and remains "quite different from the hypotheticals set out in the Restatement." *Popa*, 153 F.4th at 791.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

email address is not sensitive information, either—it is addressing information. *Fogelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (collection of "plaintiff's address without [consent]" was "not an egregious breach of social norms, but routine commercial behavior"); *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1144 (E.D. Cal. 2025) (dismissing CIPA claims because "there is no legally protected privacy interest … in such relatively quotidian private information as an email address" (collecting cases)). Finally, the anonymized device identifiers, *see* Compl. ¶ 86, are not sensitive. *Khamooshi*, 786 F. Supp. 3d at 1179.

**B. The Scope Is Limited.**

Offensiveness also turns on "the degree and setting of the intrusion." *Ortiz*, 2026 WL 1430720, at *3 (citation omitted); *see Garcia*, 2026 WL 925028, at *5 (considering scope of collection); *compare Popa*, 153 F.4th at 791 (not highly offensive to track browsing activity on pet supply site), *with In re Facebook*, 956 F.3d at 599 (highly offensive to create "cradle-to-grave profile[s]" of users' activity across internet).

Here, the narrow scope of the alleged intrusion also weighs against finding it was highly offensive. Plaintiff alleges Timex caused Klaviyo to intercept "Plaintiff's communications during [his] visit" to "Defendant's Website." Compl. ¶ 7. As this Court recognized, tracking on a single website is too narrow to be highly offensive. *Ortiz*, 2026 WL 1430720, at *4. As in *Ortiz*, once Plaintiff left timex.com, even if he "remained within the data-tracking ecosystem of third-parties like [Klaviyo], it cannot be said that [timex.com] continued to track [him]." *Id.*; *see Garcia*, 2026 WL 925028, at *5. Tracking users on timex.com is no more invasive than "a store clerk's observing shoppers" in the store. *Popa*, 153 F.4th at 791; *see Farst v. AutoZone, Inc.*, 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023) ("Shopping on a public website, like shopping in a public store, is not an activity one can reasonably expect to keep private from the retailer."). Even *Torres*, which took a broader view of the scope of the alleged tracking, found that scope insufficient to raise the collection of mundane commercial browsing data to a concrete injury. 2026 WL 1495202, at *3–4.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**C. The Alleged Malfunctioning Cookie Banner Does Not Change the Analysis.**

Even if the cookie banner allowed tracking after users clicked "Reject All," this still does not elevate any privacy injury to a concrete injury sufficient for standing.

As this Court observed in *Ortiz*, the fact of surreptitious tracking alone is not enough. 2026 WL 1430720, at *4. Likewise, in *Garcia*, the plaintiff alleged that cookies operated even after users opted to reject all non-essential cookies. 2026 WL 925028, at *1–2. But the cookie banner's alleged "misrepresentation [went] only to the first element [of an invasion of privacy claim]: whether there was an intrusion into a private place." *Id.* at *5. The plaintiff did not suffer a concrete privacy injury because the data allegedly disclosed was not sufficiently sensitive or extensive for the disclosure to satisfy the second element, that is, to be "highly offensive." *Id.* This reasoning makes sense because a broken promise, without injury, does not state an actionable claim at common law. *Bramalea Cal., Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468, 473 (2004) (under California law, "[a] breach of contract is not actionable without damage"); *Coppola Constr. Co. v. Hoffman Enters. Ltd. P'ship*, 117 A.3d 876, 159 (Conn. App. Ct. 2015) (same under Connecticut law); *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1139–40 (N.D. Cal. 2014) (Chen, J.) (applying rule). That is why a "theory of standing [that] is rooted in an analogy to breach of contract" … "does not relieve a complainant of its burden to demonstrate an injury." *Perry v. Newsom*, 18 F.4th 622, 632 (9th Cir. 2021) (dismissing for lack of standing); *see Svenson v. Google Inc.*, 2016 WL 8943301, at *10 (N.D. Cal. Dec. 21, 2016) (no standing to bring contract claim without alleged injury).[3]

In any event, this alleged broken promise is too banal to allege a highly offensive intrusion. Plaintiff alleges the reason Timex shared user data with Klaviyo even after users clicked "Reject All" is for advertising. Compl. ¶ 89. But advertising is not the type of socially repugnant motive—such as "harassment, blackmail[,] or prurient curiosity," *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 237 (1998); *Hernandez*, 47 Cal. 4th at 297 (same)—that characterizes highly offensive invasions.

[3] *Perry* is consistent with *Popa*'s instruction that an intangible harm must closely match a harm actionable at common law. It also settled the intra-circuit split on this issue. *See In re Google Referrer Header Priv. Litig.*, 465 F. Supp. 3d 999, 1010 (N.D. Cal. 2020) (acknowledging split).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Some courts have reached a contrary conclusion, but these cases largely involved information much more sensitive than at issue here. *See Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 867 (N.D. Cal. 2025) (defendant's "websites involve healthcare"); *Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 914 (N.D. Cal. 2026) (information "related to personal topics like nutrition and fitness tracking"). And the court in *Wiley v. Universal Music Group, Inc.*, 826 F. Supp. 3d 1121 (N.D. Cal. 2025)—as in *Shah*—analogized the alleged privacy harm to public disclosure of private facts, but the court did not engage the elements of that tort. *Wiley*, 826 F. Supp. 3d at 1134; *Shah*, 824 F. Supp. 3d at 914. In fact, that tort is laser focused on the sensitivity of the information disclosed. It lies only "if the matter publicized is of a kind that … would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652D (1977). Because the information here is not sensitive, Plaintiff's claims are not "benchmarked" to the "key elements" of this or any other privacy tort actionable at common law. *Popa*, 153 F.4th at 791–92.

* * *

Because Plaintiff has not alleged a concrete injury in fact, he lacks Article III standing to pursue his claims. The claims should be dismissed. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Dated: August 20, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
James H. Moon

*Attorneys for Defendant Timex.com, Inc.*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899